IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CV-227-SMY |
| | ) | |
| CASEY'S GENERAL STORES, INC. and | ) | |
| EBONY SUNKINS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Plaintiff Mark Ramos' Motion to Remand (Doc. 10). Defendants Casey's General Stores, Inc. ("Casey's") and Ebony Sunkins oppose the motion (Doc. 13). For the following reasons, the motion is **DENIED**.

### Background

Ramos alleges that he was injured when he slipped and fell on a patch of ice on the parking of lot of a Casey's General Store in Mascoutah, Illinois on December 24, 2019 (Doc. 1-1). In a Complaint filed in the Circuit Court of St. Clair County on February 2, 2021, he asserts negligence claims against Casey's and its employee, Sunkins. Specifically, he alleges that Casey's was negligent by failing to maintain its property in a safe condition, failing to remove ice, and failing to warn him about the unsafe conditions (Count 1). He alleges that Sunkins, as an agent and employee, was negligent in failing to manage and inspect the property, failing to remove ice, and failing to maintain the property in a safe condition (Count 2). Ramos claims to have suffered extensive injuries, disability, pain and suffering, lost wages, and lost future earning capacity. He seeks damages in excess of $50,000.

Defendants removed the case to this court on February 26, 2021, asserting subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a). According to Defendants, Casey's is an Iowa corporation with its principal place of business in Iowa (Doc. 1-4; Robert Truhlsen Affidavit). Both Sunkins and Ramos are citizens of Illinois (Doc. 1, p. 2). Sunkins was not employed by Casey's at the Mascoutah store on December 24, 2019 and had no job duties or responsibilities at that store at the time (Doc. 13-1; Ebony Sunkins Affidavit). In addition, Sunkins did not become a manager at the Mascoutah store until several months after December 24, 2019 and has no personal knowledge of the condition of the store on that date (*Id.*).

### Discussion

"Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2s 908, 911 (7th Cir.1993). The party seeking removal has the burden of establishing jurisdiction of the district court. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir.1997). "A defendant meets this burden by supporting allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997) (citations omitted). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

"For a cause to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity*

*& Deposit Co. of Md. V. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983). Additionally, an amount in excess of $75,000, exclusive of interest and costs, must be in controversy. *See* 28 U.S.C. § 1332(a)(1). In this case, there is no dispute that the amount is controversy is in excess of $75,000; what is disputed is diversity of citizenship.

Typically, the lack of diversity of citizenship requires remand back to state court. However, Defendants argue that Sunkins' citizenship should be ignored because she has been fraudulently joined. Out-of-state defendants seeking removal must clear a high hurdle to show that a plaintiff fraudulently joined a party. "The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Where the defendant makes such a showing, the federal court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, and thereby retain jurisdiction." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Centers*, 577 F.3d at 752, 763 (7th Cir. 2009)).

Ramos alleges that Sunkins owed a duty as "an agent and employee" of Casey's and that she "possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain and control, both directly and indirectly, individually and through its agents, servants and employees, the premises upon which it conducted business located" in Mascoutah, Illinois (Doc. 1-1, p. 6). He further alleges that Sunkins invited the public onto the premises and that she "carelessly and negligently caused and permitted the premises to become and remain in a dangerous condition for person using said premises, especially patrons" and that she knew of the dangerous conditions (*Id*. 7).

"An agent is subject to tort liability to a third party by the agent's conduct only when the agent's conduct breaches a duty that the agent owes to the third party." *Bovan v. American Family Life. Ins. Co.*, 897 N.E.2d 288, 295 (Ill. App. Ct. 2008); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765-766 (7th Cir. 2009).  A duty of care flows from the relationship between the parties and there is no such relationship between Ramos and Sunkins.   Sunkins attests that she was not employed at the Casey's store in Mascoutah on December 24, 2019 and that she did not become the manager of that store until several months later (Doc. 13-1).  Plaintiff has provided no counter evidence refuting Sunkins' affidavit.  Thus, the Court finds that Sunkins is fraudulently joined and her citizenship is ignored for jurisdictional purposes.  Plaintiff's Motion to Remand (Doc. 10) is **DENIED**.

        **IT IS SO ORDERED.**

        **DATED:  May 27, 2021**

                        **STACI M. YANDLE**
                        **United States District Judge**