IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK RAMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-227-SMY |
| | ) |
| CASEY'S GENERAL STORES, INC. and | ) |
| EBONY SUNKINS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Plaintiff Mark Ramos' Motion for Leave to Amend and Motion to Remand pursuant to 28 U.S.C. §1447(e) (Doc. 18). Defendant Casey's General Stores, Inc. responded in opposition to the motion (Doc. 19), and Plaintiff filed a reply (Doc. 20). For the following reasons, the motion is **DENIED**.[1]

## Background

Ramos claims he was injured when he slipped and fell on a patch of ice on the parking lot of a Casey's General Store in Mascoutah, Illinois on December 24, 2019 (Doc. 1-1). In a Complaint originally filed in the Circuit Court of St. Clair County on February 2, 2021, he asserts negligence claims against Casey's and its employee, Ebony Sunkins. Specifically, he alleges that Casey's was negligent by failing to maintain its property in a safe condition, failing to remove ice,

---

[1] Although the motion is denied generally, Plaintiff's specific request to substitute Casey's Retail Company in place of Casey's General Stores, Inc. as Defendant is **GRANTED**.

and failing to warn him about the unsafe conditions (Count 1). He further alleges that Sunkins, as an agent and employee, was negligent in failing to manage and inspect the property, failing to remove ice, and failing to maintain the property in a safe condition (Count 2). Ramos claims to have suffered extensive injuries, disability, pain and suffering, lost wages, and lost future earning capacity. He seeks damages in excess of $50,000.00.

Defendants removed the case to this court on February 26, 2021, asserting subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. §1332(a). According to Defendants, Casey's is an Iowa corporation with its principal place of business in Iowa (Doc. 1-4; Robert Truhlsen Affidavit). Both Sunkins and Ramos are citizens of Illinois (Doc. 1, p. 2). Sunkins was not employed by Casey's at the Mascoutah store on December 24, 2019 and had no job duties or responsibilities at that store at that time (Doc. 13-1; Ebony Sunkins Affidavit). Sunkins did not become a manager at the Mascoutah store until several months after the December 24, 2019 incident and has no personal knowledge of the condition of the store on that date (*Id.*).

The Court denied Ramos' Motion to Remand filed on March 16, 2021 (Doc. 10), finding that Sunkins was fraudulently joined, and consequently, her citizenship was ignored for jurisdictional purposes (Doc. 15). Plaintiff has now filed a combined Motion for Leave to Amend and Motion to Remand pursuant to 28 U.S.C. §1447(e) (Doc. 18).

In the Motion for Leave to Amend Ramos seeks to correct Casey's name to Casey's Retail Stores and to join Cody Brouk as a defendant because he was allegedly an agent and employee of Casey's and was working at the Mascoutah location on the date and time of Plaintiff's alleged injury. In the Motion to Remand pursuant to 28 U.S.C. §1447(e), Ramos contends that because Cody Brouk and the Plaintiff are both residents of the State of Illinois, diversity jurisdiction is destroyed such that this matter should be remanded to state court. Casey's opposes the motions

except for the substitution of Casey's Retail Company in place of Casey's General Stores, Inc. as the defendant.

## Discussion

When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. §1447(e) applies and provides the Court with two exclusive options: (1) deny joinder, or (2) permit joinder and remand the action to state court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). In other words, the Court cannot permit joinder of a nondiverse defendant and retain jurisdiction. *Id.*

In deciding whether to permit post-removal joinder of a nondiverse party, the Court weighs the following factors: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and, (4) any other relevant equitable considerations. *Schur* at 759. With respect to the plaintiff's motive for seeking joinder, the primary question is whether the plaintiff's purpose is "to defeat federal jurisdiction." *Id*. A defendant contesting joinder may successfully invoke the fraudulent joinder doctrine by showing that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

Casey's first challenges the viability of Ramos' purported claim against Brouk based on the applicable statute of limitations, which is two years. See, 735 ILCS 5/13-202. More particularly, Casey's argues that since the instant motion to amend was not filed until December 29, 2021, any claim against Brouk asserted in an amended complaint would be time-barred.

Ramos maintains that *F.R.C.P.* 15(c)'s relation back doctrine applies, and therefore, the claim against Brouk is timely.

The amendment of a complaint with relation back is generally permitted to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980). Rule 15(c) expressly conditions the relation back of an amendment changing the party against whom a claim is asserted upon the existence of three prerequisites: (1) the amended claim must arise out of the same occurrence set forth in the original pleading; (2) within the applicable statute of limitations period the purported substitute defendant must have received such notice of the institution of this action that he will not be prejudiced in maintaining his defense on the merits; and (3) the purported substitute defendant must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. *Id.*

Here, the second and third requirements are lacking. While Plaintiff contends that Brouk received notice of the lawsuit before the statute of limitations expired because Casey's risk management carrier took a recorded statement from him on December 30, 2019, that does not satisfy the notice requirement under Rule 15(c). Brouk did not receive notice of the commencement of the lawsuit or the need to defend the suit on the merits on December 30, 2019 or at any point prior to the expiration of the statute of limitations.

As for the third perquisite, Ramos has not established that Brouk must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. In fact, it is undisputed that Brouk has had no involvement in this litigation other than providing a recorded statement a risk management carrier six days after the underlying incident. There is simply no evidence from which the Court could conclude that Brouk

knew of should have known that Ramos had a potential claim against him. As such, Ramos may not avail himself of the relation back doctrine; his proposed claim against Brouk is barred by the statute of limitations.

Moreover, Ramos cannot establish that he otherwise has a viable cause of action against Brouk. Ramos' proposed amended complaint alleges that Brouk owed a duty as "an agent and employee" of Casey's and that he "possessed, operated, managed, maintained and controlled or had a duty to possess, operate, manage, maintain and control the premises" located in Mascoutah, Illinois (Doc. 18-3). He further alleges that Brouk invited the public onto the premises and that he "carelessly and negligently caused and permitted the premises to become and remain in a dangerous condition for persons using said premises, especially patrons" and that he knew of the dangerous conditions. *Id*.

An employee is only properly joined as a defendant if he or she caused the incident or actively contributed to the act which caused the incident. See *Hoidas v. Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864, at *1-2 (N.D. Ill. Apr. 30, 2010). However, if, as is the case here, the Complaint merely alleges that an employee breached a duty owed to its employer rather than to an injured party, the injured party cannot state a claim against the employee for negligence. *Schur*, 57 F.3d at 766. *Brady*, No. 16-CV-07509, 2017 WL 201375, at *2; *see Hoidas*, No. 09 C 7409, 2010 WL 1790864, at *4-5 (N.D. Ill. Apr. 30, 2010) (a store manager did not owe a duty to inspect a parking lot that belonged to her employer because her status as manager did not create a duty of care in the employee akin to that of the store to monitor and make safe its parking lot); *see Roh v. Starbucks Corp.*, No. 13 C 8865, 2015 WL 232374, at *1 (N.D. Ill. Jan. 14, 2015) (a general manager did not have a duty simply because she was 'responsible for overseeing the safety, maintenance, and operations of the area).

5

For these reasons, the Court concludes that Ramos does not have a viable claim against Brouk; his joinder as a party defendant will not be allowed.  Consequently, the Court continues to have subject matter jurisdiction over this action based on diversity of citizenship.

## Conclusion

Plaintiff's Motion for Leave to Amend and to Remand pursuant to 28 U.S.C. §1447(e) (Doc. 18) is **DENIED**, with the exception of Plaintiff's specific request to substitute Casey's Retail Company in place of Casey's General Stores, Inc. as Defendant.  The Clerk of Court is **DIRECTED** to substitute Casey's Retail Company in place of Casey's General Stores, Inc. as Defendant.

**IT IS SO ORDERED.**

**DATED:  September 26, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**